UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

FILED

JAN 14 2003

NANCY MAYER-WHITTINGTON, CLERK
U.S DISTRICT COURT

OAO ALFA-BANK, et al.,

    Plaintiffs,

    v.

CENTER FOR PUBLIC INTEGRITY, et al.,

    Defendants.

Civil Action No. 00-2208
JDB/DAR

### ORDER

    Defendants' Motion to Preclude Plaintiffs' Designation of an Additional Expert Witness (Docket No. 69) is pending for determination by the undersigned. The motion is the second in which the timeliness of plaintiffs' designation of an expert witness has been addressed.[1]

    Plaintiffs concede that the designation which is the subject of the pending motion could be deemed timely only if the court finds that Peter Smith, defendant CPI's "in-house counsel and its research editor[,]" is "a managing agent of Defendant CPI, and his October 31, 2002 deposition was the last of Defendants' depositions."[2] Plaintiffs' Memorandum in Opposition to

---

[1] The first, Plaintiffs' Motion for Leave to Designate Additional Expert Witnesses (Docket No. 63), was denied by an Order entered on December 11, 2002. Plaintiffs have moved for reconsideration of that order.

[2] Paragraph one of the "Consent Notice" filed by the parties on June 6, 2001 provides that "[a]ny [designation by plaintiffs of an expert with respect to standards and practices governing investigative journalism in the United States] shall be made no later than four (4) weeks following the completion of Defendants' depositions." Plaintiffs' Opposition, Exhibit 15. The designation which is the subject of the pending motion was made on November 14, 2002, two weeks after the deposition of Peter Smith.



OAO Alfa-Bank, et al. v. Center for Public Integrity, et al.                                        2

Defendants' Motion to Preclude Plaintiffs' Designation of an Additional Expert Witness ("Plaintiffs' Opposition") at 1-2, 7. Defendants submit that Smith "is not and has never been a 'managing agent' of CPI, and plaintiffs' contention to the contrary is based on a number of factual mischaracterizations of Smith's role in connection with the article." Defendants' Reply Memorandum in Support of Motion to Preclude Plaintiffs' Designation of an Additional Expert Witness at 3.

The undersigned finds, for the reasons offered by defendants in their reply, that plaintiffs have relied upon a strained interpretation of Peter Smith's role with respect to the publication which is the subject of this action. More specifically, the undersigned finds that plaintiffs have not demonstrated that Smith is defendant CPI's "managing agent." Accordingly, plaintiffs' motion to strike the expert designation made two weeks after the Smith deposition will be granted.[3]

It is, therefore, this 14th day of January, 2003,

**ORDERED** that Defendants' Motion to Preclude Plaintiff's Designation of an Additional Expert Witness (Docket No. 69) is **GRANTED** .

DEBORAH A. ROBINSON
United States Magistrate Judge

---

[3] Plaintiffs also maintain that the designation should be allowed because they "had good cause for not designating Professor Kaplan as an expert witness earlier in the litigation, and . . . Defendants will suffer no prejudice[.]" Plaintiffs' Opposition at 11. However, the undersigned finds that plaintiffs have not made such showing, and that in any event, the standard on which they seemingly rely does not apply to motions for enlargement of a deadline which has already passed. See Simpson v. The Socialist People's Libyan Arab Jamahiriya, 2001 WL 1701673 (D.D.C. June 18, 2001).