**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| OAO ALFA BANK, ZAO ALFA ECO, MIKHAIL FRIDMAN, and PYOTR AVEN,<br><br>Plaintiffs,<br><br>vs.<br><br>CENTER FOR PUBLIC INTEGRITY, KNUT ROYCE, and NATHANIEL HELLER,<br><br>Defendants. | Case No. 1:00CV02208 (JDB) |

**MEMORANDUM IN SUPPORT OF DEFENDANTS'**
**MOTION TO DISMISS PLAINTIFF ZAO ALFA ECO**

Defendants the Center for Public Integrity ("CPI"), Knut Royce ("Royce), and

Nathaniel Heller ("Heller) hereby move this Court to dismiss plaintiff ZAO Alfa Eco

from the above-captioned action, and in support thereof state as follows:

**INTRODUCTION**

This is a defamation action arising from an August 2, 2000 article written by

defendants Royce and Heller and published on the *Public i*, CPI's website entitled

"Cheney Led Halliburton To Feast at Federal Trough/State Department Questioned Deal

With Firm Linked to Russian Mob" ("the Article").  Plaintiff ZAO Alfa Eco is a trading

company that existed under the laws of the Russian Federation in the 1990s.  ZAO Alfa

Eco has alleged that the Article defamed it by accusing it of being "involved in drug

trafficking and other criminal or otherwise disreputable activities, and of being connected

to organized crime."  Complaint ¶ 1.  Specifically, ZAO Alfa Eco contends that the

Article "impugned" its "business ethics and business reputation," causing it damages.

Complaint ¶ 20.

Plaintiff ZAO Alfa Eco fails to state a claim upon which relief may be granted,

and this motion to dismiss should be granted with prejudice, on the ground that ZAO

Alfa Eco is not the real party in interest because it ceased to exist before the alleged

defamation occurred, and therefore, could not have been harmed by the challenged

statements.  *See, e.g., Whelan v. Abell*, 953 F.2d 663, 672 (D.C. Cir.) ("A real-party-in-

interest defense can be raised as a Rule 12(b)(6) motion, stating, in effect, that because

the plaintiff is not the person who should be bringing the suit, the plaintiff has 'fail[ed] to

state a claim upon which relief can be granted.'"), *cert. denied*, 506 U.S. 906 (1992).  In

addition, since the statute of limitations has run and there is no timely-filed complaint

stating a cause of action to which a late-filed amendment could relate back, plaintiff

should be denied leave to amend the complaint to add the real party in interest.

## FACTUAL BACKGROUND

### A.   ZAO ALFA ECO

Plaintiff ZAO Alfa Eco was "a closed-joint stock company organized under the

laws of the Russian Federation."  Complaint ¶ 3.  According to the Complaint, ZAO Alfa

Eco "is a trading company affiliated with [plaintiff OAO] Alfa-Bank." Compl. ¶ 3.  In

1997, the closed joint stock company ZAO Alfa Eco was transformed into a limited

liability company called "OOO Alfa Eco."  *See* Declaration of Elizabeth C. Koch , Ex. A

(Charter of the Alfa Eco Limited Liability Company, dated Feb. 10, 1997) (hereafter

"Koch Decl.").  On March 17, 1997, the newly-formed OOO Alfa Eco was registered to

do business in the Russian Federation.  *See* Koch Decl., Ex. B (Certificate of Registration, dated March 17, 1997).

As of December 2001, the Alfa Eco group of companies consisted of more than 30 separate corporate entities including, for example, "Eco Holding Limited," "OOO Alfa Eco Group," "OOO Alfa Eco," "Alfa Eco M," "Alfa Eco SPb," and numerous other corporate entities that bear the Alfa Eco name.  Koch Decl., Ex. C (Eco Holdings Limited International Accounting Standards Consolidated Financial Statements for the Year Ended 31 December 2001), at 45.  All of the companies within the Alfa Eco group are together known publicly as "Alfa Eco."  Koch Decl., Ex. D (selected pages from Alfa Eco's website).

###           B.            PROCEDURAL HISTORY

On September 14, 2000, plaintiffs ZAO Alfa Eco, OAO Alfa Bank, Mikhail Fridman and Pyotr Aven filed a complaint purporting to assert defamation claims arising from the publication of the Article on August 2, 2000.  *See* Complaint ¶¶ 1, 12.  The Complaint alleges that the Article "falsely and maliciously accused plaintiffs of being involved in drug trafficking and other criminal or otherwise disreputable activities, and of being connected to organized crime."  *Id*. ¶ 1.  Although ZAO Alfa Eco ceased to exist more than three years before the Article was published, the now-defunct, closed joint-stock company alleges that, "[a]s a direct and proximate result of the Article," its "business ethics and business reputation . . . have been impugned."  *Id*. ¶ 20.

Some time on or before June 27, 2001, plaintiff's counsel became aware that the Complaint had erroneously been filed on behalf of the wrong corporate entity, and began unilaterally substituting "OOO Alfa Eco" in the caption of certain pleadings.  *See, e.g.,*

3

Koch Decl., Ex. E (Plaintiff OOO Alfa-Eco's Supplemental Responses to Defendants' Requests for Admissions (NOS. 8-17)).  Despite having known of this error for nearly three years, plaintiff's counsel has never made any effort to substitute the proper plaintiff in this action.

In addition, without advising defendants, plaintiffs unilaterally responded to the discovery propounded to ZAO Alfa Eco solely on behalf of only one of the current Alfa Eco companies, OOO Alfa Eco.  For example, late in the discovery process, defendants learned for the first time that, in response to the requests for production of documents to ZAO Alfa Eco, the only search that was conducted, and the only documents that were produced, came from files maintained by OOO Alfa Eco, and not from any of the other Alfa Eco companies.  *See* Koch Decl., Ex. F (July 23, 2002 correspondence from Elizabeth C. Koch to Joshua C. Toll, Esquire).  Despite repeated requests, plaintiffs' counsel has flatly refused to search for or produce documents from any of the other Alfa Eco companies.  *See* Koch Decl., Ex. I (October 30, 2002 correspondence from Joshua C. Toll to Elizabeth C. Koch, Esq.).

## **ARGUMENT**

ZAO Alfa Eco is not the real party in interest in this case because it ceased to exist years before the alleged defamation occurred, and therefore, could not have been harmed by the challenged statements.  Where, as here, the continuing failure to bring an action in the name of the real party in interest cannot be attributed to an honest and understandable mistake, the defamation claim asserted by the improper party ZAO Alfa Eco should be dismissed, and any amendment purporting to join or substitute the real party in interest held barred by the statute of limitations.

### A.       ZAO ALFA ECO IS NOT THE REAL PARTY IN INTEREST.

Federal Rule of Civil Procedure 17(a) requires that "[e]very action shall be

prosecuted in the name of the real party in interest."  Fed. R. Civ. P. 17(a).  "The 'real

party in interest' 'is the party who, by the substantive law, possesses the right to be

enforced.'"  *Best v. Kelly*, 39 F.3d 328, 329 (D.C. Cir. 1994) (citation omitted); *see*

*Joyner v. F & B Enters., Inc.*, 448 F.2d 1185, 1186 (D.C. Cir. 1971) ("'The meaning and

object of the real party in interest provision would be more accurately expressed if it

read:  An action shall be prosecuted in the name of the party who, by the substantive law,

has the right sought to be enforced.'") (quoting 3A J. Moore, Federal Practice ¶ 17.02, at

53 (2d ed. 1953)); 6A Charles Alan Wright, Arthur K. Miller & Mary Kay Kane, Fed.

Practice & Procedure, § 1542 (2d ed. 1990) ("[T]he real party in interest principle is a

means to identify the person who possesses the right sought to be enforced. Therefore,

the term directs attention to whether a plaintiff has a significant interest in the particular

action he has instituted. . . . ").

Under District of Columbia law, to recover in defamation, a plaintiff must

demonstrate:

> "(1) that the defendant made a false and defamatory statement concerning
> the plaintiff; (2) that the defendant published the statement without
> privilege to a third party; (3) that the defendant's fault in publishing the
> statement amounted to at least negligence; and (4) either that the statement
> was actionable as a matter of law irrespective of special harm or that its
> publication caused the plaintiff special harm."

*Beeton v. District of Columbia*, 779 A.2d 918, 923 (D.C. 2001) (quoting *Crowley v.*

*North Am. Telecomms. Assoc.*, 691 A.2d 1169, 1173 n.2 (D.C. 1997)).  A defamatory

statement is one that "'tends to injure [the] plaintiff in his [or her] trade, profession, or

community standing or lower him in the estimation of the community.'"  *Id.* (quoting

*Guilford Transp. Indus., Inc. v. Wilner*, 760 A.2d 580, 594 (D.C. 2000)).  Where, as here, the plaintiff is a corporation, "it has no personal reputation and may be libeled only by imputation about its financial soundness or business ethics."  *Golden Palace, Inc. v. Nat'l Broad. Co., Inc.*, 386 F. Supp. 107, 109 (D.D.C. 1974); *Martin Marietta Corp. v. Evening Star Newspaper Co.*, 417 F. Supp. 947, 955 (D.D.C. 1976).  Specifically, allegedly defamatory statements concerning a corporation are actionable only if they "tend[] to prejudice [the corporation] in the conduct of its business or to deter others from dealing with it."  Restatement (Second) Torts § 561(a).

ZAO Alfa Eco alleges that its business reputation was harmed by the publication of the Article on August 2, 2000.  Compl. ¶¶ 12, 20.  However, ZAO Alfa Eco ceased to exist in 1997, three years before the alleged defamation occurred.  Even if the Article otherwise would have been actionable, it cannot "deter" people from dealing with a corporation that does not exist, nor can it prejudice them in their dealings with a corporation that, because it no longer exists, *has* no dealings.  In other words, ZAO Alfa Eco cannot be defamed under the law of the District of Columbia as a result of statements made after it ceased to exist.  Because it does not possess any substantive right to protect its reputation from alleged injuries occurring after it ceased to exist, ZAO Alfa Eco is not the real party in interest with respect to the defamation claim asserted in the complaint.[1]

**B.      PLAINTIFF'S FAILURE TO NAME THE REAL PARTY IN
         INTEREST IS NOT THE RESULT OF AN HONEST AND
         UNDERSTANDABLE MISTAKE.**

The last sentence of Federal Rule 17(a) states that:

_____

[1] In addition, as a result of the termination of its corporate existence, ZAO Alfa-Eco lacks capacity to sue, and therefore, is not a party properly named in this suit.  Fed. R. Civ. P. 17(b).

> [n]o action shall be dismissed on the ground that it is not prosecuted in the
> name of the real party in interest until a reasonable time has been allowed
> after objection for ratification of commencement of the action by, or
> joinder or substitution of, the real party in interest; and such ratification,
> joinder, or substitution shall have the same effect as if the action had been
> commenced in the name of the real party in interest.

Fed. R. Civ. P. 17(a). According to the Advisory Committee's Notes to the 1966

Amendment adding this sentence, this provision allowing reasonable time for the joinder

or substitution of, or ratification by, the real party in interest "should not be

misunderstood or distorted. It is intended to prevent forfeiture when determination of the

proper party to sue is difficult or when an understandable mistake has been made." Notes

of Advisory Committee, Fed. R. Civ. P. 17, 1966 Amendment; *see also Lans v. Gateway

2000, Inc.*, 84 F. Supp. 2d 112, 120 (D.D.C. 1999) ("'it is evident that Rule 17(a) should

not be applied blindly to permit substitution of the real party in interest in every case'")

(citation omitted), *aff'd, Lans v. Digital Equipment Corp.*, 252 F.3d 1320, 1329 (Fed. Cir.

2001); 6A Wright, Miller & Kane, Fed. Practice & Procedure at § 1555 ("[T]he rule

should be applied only to cases in which the substitution of the real party in interest is

necessary to avoid injustice.").

Accordingly, this Court has adopted an "'honest and understandable mistake' test

for evaluating [a] Rule 17(a) motion" to dismiss for failure to name the real party in

interest. *Lans v. Gateway 2000, Inc.*, 84 F. Supp. 2d at 120 (citing *Feist v. Consolidated

Freightways Corp.*, 100 F. Supp. 2d 273, 275 (E.D. Pa. 1999), *aff'd*, 216 F.3d 1075 (3rd

Cir. 2000), *cert. denied*, 532 U.S. 920 (2001)). Under this test, "[w]hen determination of

the correct party to bring the action was not difficult and when no excusable mistake was

made, the last sentence of Rule 17(a) is inapplicable and the action should be dismissed."

*Feist*, 100 F. Supp. 2d at 275 (citations omitted); 6A Wright, Miller & Kane, Fed.

Practice & Procedure at § 1555 ("it has been held that when the determination of the right party to bring the action was not difficult and when no excusable mistake had been made, then the last sentence of Rule 17(a) was not applicable and the action should be dismissed") (citing cases).

In *Lans v. Gateway 2000, Inc.*, 84 F. Supp. 2d 112 (D.D.C. 1999), *aff'd*, 252 F.3d 1320 (Fed. Cir. 2001), defendants to a patent infringement lawsuit learned during discovery that plaintiff had assigned the patent at issue to Uniboard, his wholly owned corporation, eight years prior to the commencement of the lawsuit. After defendants confronted him with evidence of the assignment, Lans moved to amend the complaint to substitute Uniboard, the real party in interest, as the plaintiff.

As the *Lans* Court recognized, it may, in its discretion, grant leave to substitute the real party in interest "when there has been an honest mistake in choosing the nominal plaintiff, meaning that determination of the proper party was somehow difficult at the time of the filing of the suit, or that the mistake is otherwise understandable." 84 F. Supp. 2d at 120. However, in *Lans*, where "information concerning the assignment was solely in the control of Lans and Uniboard," and plaintiff's "reason for not bringing this action in the name of [the proper party] in the first place is that he simply forgot that he had made the assignment," the Court was "unable to reach the conclusion that failure to sue in the name of Uniboard was an honest and understandable mistake." *Id.* at 120-22. As a result, the Court denied Lans' motion to amend to substitute Uniboard as the real party in interest, *id*. at 122, and granted defendants' motion for summary judgment on the ground that Lans lacked standing to prosecute the patent infringement lawsuit. *Id*. at 123. On appeal, the Federal Circuit Court affirmed. 252 F.3d at 1329.

In reaching this conclusion, the district court in *Lans* relied on *Automated Information Processing, Inc. v. Genesys Solutions Group, Inc.*, 164 F.R.D. 1 (E.D.N.Y. 1995).  In *Automated Information Processing*, the defendant learned during the course of discovery that, "contrary to the allegations of the complaint, plaintiff had never been incorporated under the name 'Automated Information Processing, Inc.'"  164 F.R.D. at 2. Rather, Joseph Stadler had incorporated a business under the name of "A.I.P., Inc.," but that company had been dissolved by the State of New Jersey prior to the filing of the lawsuit, for failure to pay franchise taxes.  *Id*.  Attempting to cure the mistake, Stadler incorporated a new entity, Internodal International, Inc., and assigned all of his and Automated Information Processing, Inc.'s rights to the new company.  *Id*.  He then filed a motion to amend the complaint to substitute Internodal and himself as plaintiffs.  *Id*. Defendants filed a cross-motion to dismiss.  *Id*. at 3-4.

The court in *Automated Information Processing* denied plaintiff's motion to amend and substitute parties, and granted defendant's motion to dismiss.  *Id*. at 2.  As the Court recognized, "[t]he information concerning A.I.P., Inc.'s non-existence was certainly within Mr. Stadler's responsibility and ability to ascertain" pursuant to a party's obligation "to conduct reasonable inquiry concerning the truth of the allegations made in its pleadings." *Id*. at 3.  Nevertheless, the original complaint erroneously alleged that Automated Information Processing, Inc. "'is a corporation duly organized and existing under the laws of the State of New Jersey,'" and plaintiff could offer "only a brief and unconvincing explanation for his claimed unawareness of . . . the resulting lapse of its existence years before the matters in dispute occurred."  *Id*.  Under these circumstances, "justice would not be served if the plaintiffs were rewarded for their failures, oversights

9

and misrepresentations by permitting an amendment of their pleadings where it is otherwise unwarranted by the rules." *Id*. at 3-4.

In this case, as in *Lans* and *Automated Information Processing*, plaintiff ZAO Alfa Eco has purported to assert a claim against defendants despite the fact that it ceased to exist as a corporate entity more than three years prior to the filing of the lawsuit. At no time has plaintiff offered any explanation for the error in bringing this action on behalf of a non-existent closed-joint stock company. Because the failure to sue in the name of a real party in interest is not the result of an honest and understandable mistake concerning the proper party to prosecute this action, the claim asserted by ZAO Alfa Eco should be dismissed with prejudice. *See, e.g.*, *Lans*, 84 F. Supp. 2d at 122, *aff'd*, 252 F.3d at 1329; *Automated Information Processing*, 164 F.R.D. at 3-4; *see also, e.g.*, *Feist v. Consolidated Freightways Corp.*, 100 F. Supp. 2d 273, 280 (E.D. Pa. 1999) (granting defendant's motion to dismiss on grounds that, "[b]ecause the Plaintiff is not the real party in interest, he is unable to state a claim upon which relief can be granted," and denying plaintiff's motion to substitute real party in interest where plaintiff failed to show "that when he filed this action in his own name it was the result of an honest mistake"); *aff'd*, 216 F.3d 1075 (3d Cir. 2000), *cert. denied*, 532 U.S. 920 (2001); *Live Entm't, Inc. v. Digex, Inc.*, 300 F. Supp. 2d 1273, 1277 (S.D. Fla. 2003) (where plaintiffs' principals should have known that attempted assignment to named plaintiff had failed, "case does not appear to be one involving an honest or understandable mistake of the kind generally warranting substitution of parties pursuant to Rule 17(a)"); *Hobbs v. Police Jury of Morehouse Parish*, 49 F.R.D. 176, 180 (W.D. La. 1970) (dismissing case where determination of proper party was not difficult and failure to name proper party

was not result of understandable mistake); *Wieburg v. GTE Southwest, Inc.*, No. 3:98-CV-2057-R, 2002 WL 31156431 (N.D. Tex. Sept. 26, 2002) (dismissing case where failure to name proper party as plaintiff was not due to understandable mistake and reasonable time had passed without joinder or ratification), *aff'd*, No. 02-11217, 2003 WL 21417074 (5th Cir. June 2, 2003).[2]

> **C.  PLAINTIFF'S FAILURE TO JOIN, SUBSTITUTE OR OBTAIN RATIFICATION FROM THE REAL PARTY IN INTEREST WITHIN A REASONABLE TIME REQUIRES DISMISSAL WITH PREJUDICE OF ITS CLAIM.**

Even if the filing of the complaint in the name of a non-existent corporation was the result of an honest and understandable mistake, the claim asserted by plaintiff ZAO Alfa Eco should be dismissed with prejudice because, although nearly three years have elapsed since it discovered the error, plaintiff has made no effort to join, substitute or formally obtain ratification of the commencement of this action from the real party in interest.  Under Rule 17(a), where plaintiff made an honest and understandable mistake in bringing an action in the name of the wrong party, its claims will not be dismissed "until a reasonable time has been allowed after objection for ratification of commencement of the action by, or joinder or substitution of, the real party in interest."  Fed. R. Civ. P.

---

[2] *Cf. James Creek Marina v. Vessel My Girls*, 964 F. Supp. 20, 21 (D.D.C. 1997) (dismissing action on ground that named plaintiff is not the real party in interest, but allowing plaintiff twenty days to amend complaint or substitute real party in interest where, even after briefing and oral argument, "and all of the papers filed in this matter, *it is not entirely clear who is the real party in interest* for purposes of prosecuting this case") (emphasis added); *Price v. Crestar Secs. Corp.*, 44 F. Supp. 2d 351, 355 (D.D.C. 1999) (allowing *pro se* plaintiff thirty days to join or substitute his wife or obtain her ratification of action he had commenced, where plaintiff was authorized to act as his wife's agent in conducting transactions on investment account he had helped her establish, but had no ownership interest in the account).

17(a).  On its face, the rule requires only that the court allow "a *reasonable* time after

objection for ratification or joinder" of the real party in interest.  *South African Marine*

*Corp., Ltd. v. United States*, 640 F. Supp. 247, 254-55  (C.I.T. 1986) (emphasis added).

Where, as in this case, "[s]ufficient time has elapsed . . . for plaintiff and [the real party in

interest] to have rectified any mere inadvertence or technicality" and they have failed to

do so, "[i]t is clear that the problems plaintiff seeks to correct are not due to simple

mistakes, and thus, are not those intended to be remedied by Rule 17(a)."  *Id.* (granting

defendant's motion to dismiss where real party in interest "has refused to sue in its own

name in a timely manner and to date, it has refused to join in this action," and where

"[i]ts failure to sue was not the result of inadvertence").  Under these circumstances,

plaintiff's claim should be dismissed.  *See, e.g.*, *Weissman v. Weener*, 12 F.3d 84, 87 (7th

Cir. 1993) (where plaintiff was not the real party in interest and "failed to cure this

defect, after being given a reasonable amount of time to do so, the court properly

dismissed the action"); *United States v. CMA, Inc.*, 890 F.2d 1070, 1074-75 (9th Cir.

1989) (holding that real party in interest's untimely assignment of claim cannot ratify

commencement of suit by plaintiffs whose "persistent efforts" to obtain assignment show

that plaintiffs were aware of identity of real party in interest, and therefore, that there was

no difficulty or mistake in identifying proper party to bring suit).

### D.    ANY AMENDMENT JOINING THE PROPER PLAINTIFF IS BARRED BY THE STATUTE OF LIMITATIONS.

Finally, defendants' motion to dismiss should be granted because any amendment

seeking to join the proper party plaintiff is now barred by the applicable statute of

limitations.   Under District of Columbia law, the statute of limitations for a defamation

claim is one year.  D.C. Code Ann. § 12-301(4) (2002); *Mullin v. Washington Free*

*Weekly, Inc.*, 785 A.2d 296, 298 (D.C. 2001).  "'Defamation occurs on publication, and the statute of limitations runs from the date of publication.'"  *Mullin*, 785 A.2d at 298 (citation omitted).  In this case, the statute of limitations began to run on August 2, 2000, when the Article was published.   Thus, the limitations period expired on August 2, 2001, and any attempt by a proper party plaintiff to assert claims arising from the publication of the Article is now barred.

Mindful of Rule 17(a)'s provision that timely ratification, joinder or substitution of the real party in interest "shall have the same effect as if the action had been commenced in the name of the real party in interest," courts that have permitted plaintiffs to amend complaints to substitute the real party in interest have recognized that such amendments relate back to the time of filing of the original complaint, but only in cases in which the "original plaintiff, at least at one time, possessed a claim" against the defendant.  *South African Marine Corp., Ltd. v. United States*, 640 F. Supp. 247, 253-54 (C.I.T. 1986) (citing cases); *see, e.g.*, *Link Aviation, Inc. v. Downs*, 325 F.2d 613, 615 (D.C. Cir. 1963).

Where, as in this case, the original plaintiff *never* had a claim, *see supra* at 5-6, an amendment seeking to substitute or join the real party in interest after the statute of limitations has run is futile, because "there was no cause of action stated by the original complaint to which the amended complaint could relate back."  *United States v. CMA, Inc.*, 890 F.2d 1070, 1074 (9th Cir. 1989); *see also Intown Properties Management, Inc. v. Wheaton Van Lines, Inc.*, 271 F.3d 164, 169 (4th Cir. 2001) ("Although Rule 17 does limit *dismissal* of an action on the grounds that it is not prosecuted in the name of the real party in interest, nothing in the text of the rule provides a non-party a right to *join* a case

on those grounds.") (emphasis in original); *Live Entm't, Inc. v. Digex, Inc.*, 300 F.
Supp.2d at 1279-80 (where real party in interest rather than named plaintiff suffered the
alleged injury, named plaintiff "has no standing to bring this action and no standing to
make a motion to substitute the real party in interest"); *Zurich Ins. Co. v. Logitrans, Inc.*,
297 F.3d 528, 531-32 (6th Cir. 2002) (where "[a]n attorney made a mistake and filed the
action in the name of" the wrong corporate entity, named plaintiff "had no standing to
bring this action and no standing to make a motion to substitute the real party in
interest"); *cf. Summit Office Park, Inc. v. U.S. Steel Corp.*, 639 F.2d 1278, 1282 (5th Cir.
1981) ("where a plaintiff never had standing to assert a claim against the defendants, it
does not have standing to amend the complaint and control the litigation by substituting
new plaintiffs, a new class, and a new cause of action").

        In *Lans v. Gateway 2000, Inc.*, 84 F. Supp. 2d 112 (D.D.C. 1999), *aff'd*, 252 F.3d
1320 (Fed. Cir. 2001), plaintiff sought "to retroactively create jurisdiction by
substituting" the real party in interest, "and thus the only party with standing to sue for its
infringement, as the plaintiff."  84 F. Supp.2d at 115.  Denying plaintiff's motion to
amend pursuant to Federal Rule of Civil Procedure 15, the district court held that "if a
plaintiff lacks standing to be before the court from the time of the filing of the original
complaint, there is no action for him to amend, since the court is deprived of subject
matter jurisdiction over the entire matter."  *Id.* at 116-17.  In so holding, the court
"adopt[ed] the rule that a 'plaintiff may not amend the complaint to substitute a new
plaintiff in order to cure a lack of jurisdiction, because a plaintiff may not create
jurisdiction by amendment when none exists."  *Id.* at 115.  *See also Intown Properties
Management, Inc. v. Wheaton Van Lines, Inc.*, 271 F.3d 164, 169 (4th Cir. 2001) (Rule

15 "requires a court to permit 'a party,' not a non-party, to 'amend the party's pleading . .
. freely when justice so requires.'  Rule 15 does not aid [a real party in interest] because it
was not a party in the [original] action."); *Nelson v. County of Allegheny*, 60 F.3d 1010,
1014-15 (3rd Cir. 1995) (Rule 15(c) does not permit relation back of amendment naming
new plaintiffs after statute of limitations expired, even if defendants would not be
prejudiced by the amendment, where failure to add new plaintiffs before expiration of
limitations period was not due to mistake concerning identity of proper party); *Black
Canyon Citizens Coalition, Inc., v. Bd. of Cty. Comm'rs. of Montrose Cty*, 80 P.3d 932,
935 (Colo. App. 2003)(affirming dismissal of claim by unincorporated association
because "action filed by a nonexistent person or entity is a nullity….The complaint was
void ab initio, jurisdiction over the dispute was never conferred on the court, and the
attempt to cure the defect [by substituting legal corporation as plaintiff] after the
expiration of the [statutory period] failed as a matter of law").[3]

Moreover, in this case, the fact that ZAO Alfa Eco was erroneously named as a
plaintiff in this action has resulted in significant prejudice to the defendants in the
discovery process and, in particular, with respect to defendants' discovery related to Alfa
Eco's status as a public figure.  As of December 2001, the Alfa Eco group of companies

---

[3] This is not a case where the named plaintiff brought the action on behalf of the
real party in interest, whose claim is dependent on the plaintiff.  *Compare Link Aviation,
Inc. v. Downs*, 325 F.2d 613, 614 (D.C. Cir. 1963) (holding that amendment substituting
insurers as real parties in interest relates back to filing of original complaint by insureds,
"since, as we hold, [the original action] was brought for the use of the real parties in
interest [and] . . . was thus not so lacking in validity as to furnish no support for a motion
to bring it into compliance with Rule 17(a)"), *with Lans v. Gateway 2000, Inc.*, 84 F.
Supp. 2d 112, 119 (D.D.C. 1999) (finding "no[] parallel to the insured/insurer
relationship in *Link Aviation,*" where "the insurers could only pursue 'through' the
insureds," in case before it where interest of real party in interest "exists completely
independently from [plaintiff]"), *aff'd*, 252 F.3d 1320 (Fed. Cir. 2001).

consisted of more than 30 separate corporate entities including, for example, "Eco Holding Limited," "OOO Alfa Eco Group," "OOO Alfa Eco," "Alfa Eco M," "Alfa Eco SPb," and numerous other corporate entitles that bear the Alfa Eco name.  Koch Decl., Ex. C, at 45.  All of the companies within the Alfa Eco group are together known publicly as "Alfa Eco."  *See, e.g.*, Koch Decl., Ex. D.  Nevertheless, without advising defendants, plaintiffs unilaterally responded to the discovery propounded to ZAO Alfa Eco solely on behalf of only one of the current Alfa Eco companies, OOO Alfa Eco.[4] Plaintiffs' "shell game" approach to discovery was aided in no small measure by the mistaken identification of ZAO Alfa Eco as the named plaintiff.

In short, plaintiff ZAO Alfa Eco has purported to assert a claim against the defendants despite the fact that it ceased to exist more than three years prior to the filing of the lawsuit, and has attempted to exploit the confusion it created concerning its own corporate status to deny defendants legitimate discovery.  Moreover, because the statute of limitations period has run, any attempt by a proper party plaintiff to join the action is now barred by the applicable statute of limitations.

## CONCLUSION

For all of the foregoing reasons, plaintiff ZAO Alfa Eco should be dismissed from this action without leave to amend.

---

[4] As noted above for example, late in the discovery process, defendants learned for the first time that, in response to the requests for production of documents to ZAO Alfa Eco, the only search that was conducted, and the only documents that were produced, came from files maintained by OOO Alfa Eco, and not from any of the other Alfa Eco companies.  Koch Decl., Ex. F.  Despite repeated requests, plaintiffs' counsel has refused to search for or produce documents from any of the other Alfa Eco companies.  *Id.*, Ex. I.

DATED: May 3, 2004

Respectfully submitted,

LEVINE SULLIVAN KOCH & SCHULZ, L.L.P.


By: _____/s/_____
       Michael D. Sullivan, Bar. No. 339101
       Elizabeth C. Koch, Bar No. 412828
       1050 Seventeenth Street, N.W.
       Suite 800
       Washington, D.C.  20036
       (202) 508-1100

       *Counsel for Defendants*
       *the Center for Public Integrity,*
       *Knut Royce, and Nathaniel Heller*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that, on this 3rd day of May, 2004, I directed that a true and

correct copy of the foregoing Motion to Dismiss Plaintiff ZAO Alfa Eco and

memorandum in support thereof be served by first-class mail, postage prepaid on the

following:

> Daniel Joseph, Esquire
> Jonathan S. Spaeth, Esquire
> Tobias Zimmerman, Esquire
> Jeremy A. Paris, Esquire
> AKIN, GUMP, STRAUSS, HAUER
> & FELD, L.L.P.
> 1333 New Hampshire Avenue, N.W.
> Suite 400
> Washington, D.C. 20036

_____/s/_____
Elizabeth C. Koch